IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICK TYRONE ROBINSON,

                Plaintiff,

v.

MELODY NAVANO and SGT. WEEDY,

                Defendants.

OPINION and ORDER

20-cv-142-jdp

---

Pro se plaintiff and prisoner Rick Tyrone Robinson has filed a complaint and a supplement to his complaint about his conditions of confinement at Columbia Correctional Institution. Dkt. 1 and Dkt. 8. Specifically, Robinson alleges that prison staff failed to accommodate a severe allergy that he has to tomatoes. The case is before the court for screening under 28 U.S.C. § 1915(e)(2) and § 1915A. Because the complaint does not provide fair notice of Robinson's claims, I will dismiss the complaint but give Robinson an opportunity to replead.

I understand Robinson to contend that prison staff are violating his Eighth Amendment rights by continuing to give him meals that include tomatoes, which is threatening his heath. Prison staff violate the Eighth Amendment if they show "deliberate indifference" to a "substantial risk of serious harm" to a prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To prevail on his claim, Robinson must show three things: (1) receiving meals that include tomatoes exposes him to a substantial risk of serious harm; (2) each defendant knows that Robinson is being exposed to a substantial risk of serious harm; and (3) each defendant is consciously failing to take reasonable steps to protect Robinson from harm.

Robinson has adequately alleged the first element. He attached a document from a doctor, informing him that lab results showed that he is "quite allergic" to tomatoes. Dkt. 8-1.

Robinson also alleges that 90 percent of prison meals include tomatoes, so he must "starv[e] [him]self" to avoid an allergic reaction. Dkt. 8. From this, it is reasonable to infer that Robinson is being subjected to a substantial risk of serious harm. *See McDonald v. Hardy*, 821 F.3d 882, 890 (7th Cir. 2016) (interference with medically prescribed diet can violate Eighth Amendment).

But Robinson has not adequately alleged that either of the defendants knew that he needed an accommodation but refused to help him despite an ability to do so. Robinson doesn't explain who the defendants are, whether they knew about his need for a special diet, or what authority they have to make sure that he receives meal trays without tomatoes. Without that information, Robinson doesn't state a plausible claim under the Eighth Amendment.

Some information is provided in a medical screening form that is attached to Robinson's complaint. The form is signed by Navano, who identifies herself as a nurse. Dkt. 1-2. Navano acknowledges on the form that Robinson has a tomato allergy, so the form is evidence that Navano knew about his allergy. But the form doesn't show that Navano knew that Robinson wasn't receiving an accommodation for his allergy or that it was her job to make sure that he received an accommodation. *See Burks v. Raemisch,* 555 F.3d 592, 595 (7th Cir. 2009) ("[N]o prisoner is entitled to insist that one employee do another's job").

The complaint does not give notice to Navano or Weedy why Robinson believes that they violated his rights. So I will dismiss the complaint, but I will give Robinson an opportunity to file an amended complaint that provides the information requested by the court.

ORDER

IT IS ORDERED that Rick Tyrone Robinson's complaint is DISMISSED without prejudice. Robinson may have until May 14, 2020, to file an amended complaint that addresses the issues discussed by the court. If Robinson does not file an amended complaint, I will dismiss the complaint with prejudice for failure to state a claim upon which relief may be granted and record a strike. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) ("[W]hen . . . the plaintiff is told to amend his . . . complaint and fails to do so, the proper ground of dismissal is not want of prosecution but failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff.").

Entered April 30, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge